# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1837 | **DATE** | March 29, 2011 |
| **CASE TITLE** | Esteban Pena (2008-0014986) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes and orders Cook County Jail officials to deduct $12.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to: (1) terminate Defendants Sheriff Dart and Salvador Godinez; (2) issue summons for service on Defendant Correctional Officer McDonald; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Esteban Pena, presently a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Plaintiff alleges that on April 20, 2009, he was asleep in his cell when Officer McDonald "rolled the high side doors." Plaintiff stayed in bed but within five minutes he heard cell doors being kicked open. The door to Plaintiff's cell flew open and he was struck in the face with a meal tray and physically attacked by three detainees, knocking him unconscious. When he regained consciousness and tried to get out of the cell, he was hit again with the meal tray. Correctional Officer McDonald called a "ten-ten" but when the other correctional officers arrived, he told them to let the detainees fight. When it was all over, Plaintiff was "bloody from head to toe."

Plaintiff names Cook County Sheriff Dart, Executive Director Godinez, and Correctional Officer McDonald as Defendants. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of *respondeat superior*, and a complaint's allegations must show that the supervisory official was somehow personally involved in the constitutional deprivation. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Here, Plaintiff does not allege that Sheriff Dart or Director Godinez caused or participated in the alleged constitutional violation. Thus, he has failed to state a claim against Sheriff Dart or Director Godinez in their individual capacities.

# STATEMENT

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff has not alleged that the failure of McDonald to take action to stop Plaintiff from being physically assaulted resulted from an expressed policy, a widespread practice, or was the act of a person with final policy-making authority; thus, he fails to state an official capacity claim against any Sheriff Dart or Director Godinez. Accordingly, Sheriff Dart and Director Godinez are dismissed from this suit. However, Correctional Officer McDonald must respond to the complaint.

The Clerk shall issue summons for service of the complaint on Defendant McDonald. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel, *Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006), though the district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (*citing* 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court declines to appoint counsel at this time, as Plaintiff has not suggested any physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.